ENTERED NOV 0 4 2014

STATE OF MAINE

Sagadahoc, ss.

SUPERIOR COURT

SAG-AMH-07-10-14

MICHAEL DRAKE

### Plaintiff

v.

Docket No. SAGSC-CV-13-006

TOWN OF WEST BATH et als.

### Defendants

## ORDER ON PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT

This case came before the court July 8, 2014 for oral argument on Plaintiff Michael Drake's Motion to Enforce Settlement Agreement, with attorneys Reben and Therriault present for Plaintiff and Defendant.

At the outset, Attorney Therriault advised the court that the West Bath Board of Selectmen has agreed to honor the Settlement Agreement signed in November 2013 after mediation, and will call a Town meeting at which the voters will be asked to consider whether to approve one of the two settlement options outlined in the Settlement Agreement. Attorney Reben advised the court that he had learned of the Board's decision only within the past day or so. He also noted that Plaintiff had to incur significant delay and additional legal expense in getting the Board to follow through on the agreement reached at mediation, and renewed Plaintiff's request for the court to impose a sanction. Attorney Therriault spoke in opposition to any sanction.

There was also discussion among the attorneys and the court about what obligation the Board of Selectmen have under the Settlement Agreement to recommend approval of one or the other of the two options mentioned in the settlement agreement. To help avoid further

disputes, the court in this Order is outlining its view of what the Settlement Agreement calls for hereafter, and is also addressing Plaintiff's request for a sanction due to the delay.

1. *The Obligations Under the Signed Settlement Agreement*

The written Settlement Agreement dated November 27, 2013 includes the following provisions:

"1. This Settlement Agreement contains two settlement options, which the undersigned Town officials agree to discuss with the Board of Selectmen and agree to recommend that the Town meeting approve at least one of the options.

3. The pending Superior Court litigation will be stayed through February 28, 2014 to provide time for the Defendants to present Option One and/or Option Two to the Town Meeting for approval.

7. If the Town Meeting rejects all Options, then the pending Superior Court litigation will proceed.

In the court's view, these provisions read together call for there to be a Town meeting at which the Town would recommend approval of "at least one of the options." There is nothing in the document saying that the two Selectmen who did not participate in the mediation have the right to veto the settlement. If that had been the understanding, the agreement would have said so, instead of calling for the case to be stayed for three months pending the Town meeting vote.

As this court's May 6, 2014 Order indicated, Rule 16B of the Maine Rules of Civil Procedure required the Town to have a representative at the mediation who was authorized to speak for the Board of Selectmen and make agreements on behalf of the Board. The Settlement Agreement is crystal-clear that the Town Board of Selectmen could not agree to anything that obligates the voters—only the voters can do that—but the Board of Selectmen can certainly obligate itself, which is what the signed Settlement Agreement appears to do. If the signed

2

Settlement Agreement in fact was not binding at least on the Board of Selectmen, then the mediation was a waste of time. In the court's view, which the Board of Selectmen has now apparently accepted, the signed Settlement Agreement calls for the Board to call a Town meeting and recommend that the voters approve one or the other of the two options outlined in the Settlement Agreement. Whichever option the Board does not recommend could still be presented to the voters for consideration, along with the option recommended.

If the Board is not prepared to recommend one of the two settlement options for approval, in good faith, there is little point to going forward with the process. In fact, for the Board to call a Town meeting and fail to recommend one of the options for approval would give the Plaintiff an addition ground on which to request sanctions against the Town. However, unless the court is advised otherwise, the court will trust and assume that the Board's decision to honor the signed Settlement Agreement includes calling the Town meeting and making a recommendation.

2. *Plaintiff's Request for Sanctions*

The Settlement Agreement dated November 28, 2013 gave the Board until February 28, 2014 to schedule the Town meeting. When the court approved the Settlement Agreement December 3, 2013, the court stayed the case to April 1, 2014 to allow a settlement to be completed if one was approved by the voters.

According to the e-mail correspondence between the attorneys filed with the Plaintiff's Motion, it was not until after the February 28 deadline had passed that attorney Reben learned that the Board did not intend to call a Town meeting because the two Board members who did not go to the mediation did not agree with the Settlement Agreement. *See* Exhibits B and C to Plaintiff's Motion. Why it took from November until March for the Town to notify the

3

Plaintiff that the Board was not going to honor the Settlement Agreement has not been explained.

In any event, now that the Board has changed course, the Town meeting evidently will occur about six months after it was supposed to under the Settlement Agreement. Plaintiff had to file the Motion to Enforce in order to convince the Board to follow the terms of the Settlement Agreement. The court agrees that, under the circumstances, some sanction is called for. Rule 16B authorizes a sanction for a party's failure to comply with any order made under the rule, see M.R. Civ. P. 16B(1). The order in this case was entered on December 3, 2013, when the court approved the Settlement Agreement and ordered that it be carried out, with the case to be stayed until April.

. In the court's view, a $300 sanction is appropriate.[1] This amount is derived from two factors. The first is the fact that Plaintiff has incurred the effort and expense of preparing his Motion to Enforce and also attending a conference of counsel May 6 and the motion hearing July 8. The second factor has to do with the six-month delay described above. Depending on what happens at Town meeting, the delay will be either in payment of the settlement amount approved by the voters or in the forward progress of this case, and in either circumstance, the Plaintiff has been prejudiced by the delay.

For these reasons, it is hereby ORDERED:

1. Plaintiff's Motion to Enforce is hereby granted.

---

[1] The court has set this amount without considering Plaintiff's actual attorney fees incurred in connection with the Motion to Enforce. If the Town objects and requests reconsideration within 10 days as permitted by M.R. Civ. 59, the court will authorize Plaintiff's counsel to submit a fee affidavit documenting the time spent preparing the motion and attending the May 6 conference and July 8 conference, and will reconsider the sanction amount based on the affidavit.

2. Unless the Defendant files a timely motion for reconsideration, which motion will stay the following deadline, Defendant shall pay Plaintiff's counsel $300 within 14 days of this Order.

Pursuant to M.R. Civ. P. 79(a), the Clerk is hereby directed to incorporate this Order by reference in the docket.

Dated July 10, 2014

_____
A. M. Horton
Justice, Superior Court

MICHAEL DRAKE  - PLAINTIFF
PO BOX 535
BATH ME 04530
   rney for: MICHAEL DRAKE
DONALD FONTAINE  - RETAINED
LAW OFFICES OF DONALD FONTAINE
97 INDIA STREET
PO BOX 7590
PORTLAND ME 04112


Attorney for: MICHAEL DRAKE
HOWARD REBEN  - RETAINED
REBEN, BENJAMIN & MARCH
97 INDIA STREET
PO BOX 7060
PORTLAND ME 04112-7060


vs
TOWN OF WEST BATH - DEFENDANT
219 FOSTERS POINT ROAD
WEST BATH ME 04530
Attorney for: TOWN OF WEST BATH
ROGER THERRIAULT  - RETAINED
LAW OFFICE OF ROGER THERRIAULT
48 FRONT STREET
BATH ME 04530

MICHAEL DEMERS  - DEFENDANT
   NE HILL DRIVE
BATH ME 04530
Attorney for: MICHAEL DEMERS
ROGER THERRIAULT  - RETAINED
LAW OFFICE OF ROGER THERRIAULT
48 FRONT STREET
BATH ME 04530

BARRY MACARTHUR  - DEFENDANT
3 CANDY LANE
BRUNSWICK ME 04011
Attorney for: BARRY MACARTHUR
ROGER THERRIAULT  - RETAINED
LAW OFFICE OF ROGER THERRIAULT
48 FRONT STREET
BATH ME 04530

SUPERIOR COURT
SAGADAHOC, ss.
Docket No   BATSC-CV-2013-00006


**DOCKET RECORD**

Filing Document: COMPLAINT                    Minor Case Type: OTHER CIVIL
Filing Date: 02/12/2013

# Docket Events:

02/12/2013 FILING DOCUMENT - COMPLAINT FILED ON 02/12/2013

02/12/2013 Party(s):  MICHAEL DRAKE
          ATTORNEY - RETAINED ENTERED ON 02/12/2013
          Plaintiff's Attorney: DONALD FONTAINE